UNITED STATES DISTRICT COURT

DISTRICT COURT OF OREGON


UNITED STATES OF AMERICA,                    Case No. 6:11-60062-AA

      Plaintiff,                              OPINION AND ORDER

   v.

THOMAS WILLIAM CORNELIUS, JR.,

      Defendant.

_____

AIKEN, Chief Judge:

    Defendant is charged with nine counts of felon in possession of a firearm. Many of the firearms were stolen during residential burglaries allegedly committed by defendant and certain accomplices. Defendant now moves to exclude evidence of other burglaries that are unrelated to the use or theft of a firearm. The motion is reserved with respect to the McCall burglary and granted in all other respects.

    ///

1      - OPINION AND ORDER

**DISCUSSION**

Defendant moves to exclude evidence of 12 burglaries allegedly committed by defendant in 2010 and 2011. See Def.'s Motion to Exclude Evidence at 2 (doc. 195). Defendant does not object to evidence of non-firearm burglaries that occurred on the same days as burglaries identified in the Superseding Indictment, and defendant also does not object to the Needleman burglary and the Woolley attempted burglary. With respect to the 12 burglaries objected to, defendant maintains that evidence of these burglaries is not relevant to the offense of felon in possession of a firearm and is unduly prejudicial and cumulative under Federal Rule of Evidence 403.

At the pretrial conference, the government indicated that the lengthy witness list would explain in detail how the non-firearm burglaries are connected to defendant's possession of firearms. However, with the exception of one burglary (to which defendant does not object) the government's witness list does not explain the relevance of non-firearm burglaries.

In response to defendant's motion, the government contends that burglaries defendant committed while allegedly possessing a firearm are relevant to the charged offenses. Gov't Response to Motion to Exclude (doc. 196). For example, the government contends that defendant possessed a firearm when he burglarized

2        - OPINION AND ORDER

the Hultin and Woolley homes, as well as an unidentified home. Further, in a supplemental response, the government now contends that an accomplice saw defendant with a firearm during the McCall burglary. However, defendant does not object to evidence of the Hultin and Woolley burglaries[1]; rather, aside from the McCall burglary, the burglaries to which defendant objects do not appear to have involved firearms.

The government also contends that evidence of the non-firearm burglaries is relevant to prove defendant's "motive, identity, opportunity, intent, preparation and plan" under Federal Rule of Evidence 404(b)(2) and will "bolster" the testimony of the accomplices. Gov't Response at 3, 6. However, defendant is not charged with burglary; he is charged with felon in possession of firearms. Whether he committed unrelated burglaries that did not involve the use or theft of firearms has little, if any, relevance to defendant's possession of firearms. Rather, such evidence likely constitutes inadmissible propensity evidence. See Fed. R. Evid. 404(b)(1).

Further, I question how testimony regarding these burglaries will "bolster" the accomplice's testimony; in most

---

[1] Defendant does object to testimony that defendant stated he "should have just shot the bitch in her face" when allegedly spotted by a witness during the Woolley attempted burglary. Def.'s Motion in Limine (doc. 185). As indicated during the pretrial conference, this statement should not be elicited; the witness can simply testify that defendant possessed a firearm.

3        - OPINION AND ORDER

instances, the testimony connecting defendant to the burglary is the testimony of his accomplice. Granted, as described by the government, property stolen during some of the burglaries was subsequently sold by defendant. However, the limited probative value of this evidence is outweighed by its prejudice and its cumulative effect.

**1.    McCall burglary on January 1, 2011 (Witness No. 5)**

The government contends that the McCall burglary involved the theft of $8,000 to $10,000 of mostly gold jewelry, and that defendant "told" his Cambalik he committed this burglary. The government's witness list states that defendant later sold $850 worth of jewelry to John Kauffman. However, I find that the theft of jewelry from a home – without evidence of a firearm – does not establish defendant's motive, plan or intent to possess a firearm.

In its supplemental response, the government now contends that defendant's accomplice Myers likely drove defendant to the McCall home and saw defendant holding a pistol after he burglarized the home. Gov't Amended Response at 3 (doc. 205). Given the new information provided by the government, the court will reserve ruling on this burglary until defendant has the opportunity to be heard.

///

**2. Olson burglary on January 16, 2011 (Witness No. 6)**

In support of admitting evidence of this burglary, the government states: "The January 16th Olson burglary was one of the first burglaries Cambalik committed with Defendant, where they stole a Sony play station." Gov't Response at 4. Apparently, accomplice Cambalik admitted to this burglary. Regardless, the fact that defendant stole a Play Station has little relevance to his possession of firearms, and this evidence will be excluded.

**3. Groben burglary on January 17, 2011 (Witness No. 7)**

According to the government's witness list, this burglary was an attempted burglary and no property was stolen. Despite this fact, the government maintains, "The attempted burglary of the Groben home by Defendant and Cambalik on January 17th was a precursor to their successful February 23rd burglary of the home of Groben's next door neighbor, Susan Veldstra." Gov't Response at 4. The government also argues that the Groben home is near the Sprague home, from which firearms were stolen on February 23. Id.

First, I question how this burglary can be considered a "precursor" to a burglary that occurred over a month later, particularly when defendant allegedly committed several other burglaries in the interim. Second, given that nothing was stolen

from the Groben home and the government does not indicate that defendant used a weapon, this evidence is not relevant to defendant's possession of firearms. The government has other evidence to connect defendant to the Veldstra and Sprague burglaries; evidence of the Groben attempted burglary is prejudicial and cumulative. Accordingly, evidence of this burglary will be excluded.

**4. Luckman burglary on February 4, 2011 (Witness No. 10)**

**5. Moore burglary on February 4, 2011 (Witness No. 11)**

As to the Luckman and Moore burglaries, the government states: "The Luckman and Moore homes were burglarized on February 4th by Defendant and Cambalik. Toward the end of March, Defendant tried to sell Kauffman the Luckman's 46" Mitsubishi television. Detective Riddle recovered some of Luckman and Moore jewelry from Cambalik, but Defendant kept the gold and silver and sold it to Kauffman. Divers recovered a 46" Mitsubishi television." Gov't Response at 5.

Again, the government fails to explain how commission of this burglary establishes defendant's motive, plan, or intent to possess firearms. This evidence would simply show defendant's propensity to commit burglaries. As a result, it is cumulative and prejudicial and will be excluded.

///

**6. Eberlein burglary on February 7, 2011 (Witness No. 12)**

Regarding this burglary, the government argues: "On February 7th, defendant and Cambalik burglarized the Eberlein home in Roseburg while Joshua Street was signing up for the Job Corps. Street saw defendant and Cambalik with a bag filled with jewelry, and in mid-February, defendant sold Eberlein's jewelry to Kauffman." Gov't Response at 5.

Again, the government fails to explain how commission of this burglary establishes defendant's motive, plan, or intent to possess firearms. Therefore, it will be excluded.

**7. Ogle burglary between February 6 and February 16, 2011 (Witness No. 15)**

The government represents that this witness will not be called to testify. Gov't Response at 3. Further, no other testimony should be elicited regarding this burglary; no property was stolen and it has no relevance to defendant's possession of firearms.

**8. Pavao burglary on March 1, 2011 (Witness Nos. 26, 27)**

The government maintains that the Pavao "burglary in Florence on March 1 preceded Defendant's return to Florence on April 27th to burglarize the Catalfamo's home and steal a .357 revolver and sapphire ring." Gov't Response at 5. While the Pavao burglary might have "preceded" the April 27 Catalfamo burglary, the government fails to explain the connection between

7        – OPINION AND ORDER

the two or why the Paveo burglary is relevant to show defendant's possession of firearms. As a result, evidence of the Pavao burglary is cumulative and prejudicial and will be excluded.

**9. Staunau burglary on March 1, 2011 (Witness No. 28)**

**10. Dixon burglary on March 2, 2011 (Witness No. 30)**

As to the Staunau and Dixon burglaries, the government states: "Also on March 1st, Defendant burglarized the Staunau home in Eugene, and then next day, the Dixon burglary in Cottage Grove led up to the Woolley (Burress) burglary in Drain." Gov't Response at 5. The government's witness list also indicates that defendant sold jewelry to Kauffman shortly after the Staunau burglary. However, the government fails to explain the connection between the Staunau/Dixon burglaries and defendant's possession of firearms. Therefore, evidence of these burglaries will be excluded.

**11. Sanders burglary on March 2, 2011 (Witness No. 29)**

The government represents that this witness will not be called to testify. Gov't Response at 3-4. Further, no other testimony should be elicited regarding this burglary; it has no relevance to defendant's possession of firearms.

///

///

**12. Hartman burglary on April 8, 2011 (Witness Nos. 38, 39)**

As to this burglary, the government contends that: "Hartman's neighbor, Guy White, like Woolley's neighbor, Jacqueline Burres, saw two men in a gray extended cab pickup truck with chrome side toolboxes in his driveway during the time when the Hartman home was burglarized." Gov't Response at 5. However, unless defendant possessed a firearm during commission of this burglary, as he allegedly did during the Woolley burglary, this evidence is cumulative and prejudicial and will be excluded.

**CONCLUSION**

In sum, I find that the probative value of such evidence is quite minimal and does not outweigh its prejudicial effect. Accordingly, defendant's Motion to Exclude Evidence (doc. 195) is RESERVED as to the McCall burglary and GRANTED in all other respects. The government may not introduce such evidence in its case-in-chief.

IT IS SO ORDERED.

Dated this _26th_ day of February, 2015.


_____/s/ Ann Aiken_____
Ann Aiken
United States District Judge


9        - OPINION AND ORDER