IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,                    6:11-cr-60062-MC

        v.

                                  **OPINION AND ORDER**

THOMAS WILLIAM CORNELIUS,

        Defendant.

_____

**MCSHANE, District Judge**

A jury found Defendant Thomas Cornelius guilty of multiple counts for Felon in Possession of a Firearm. Mr. Cornelius now moves to vacate and correct the convictions and sentence imposed under 28 U.S.C. § 2255 based on four ineffective assistance of counsel claims. Because he has not shown that his constitutional rights have been infringed upon or denied, Mr. Cornelius's § 2255 Motion, ECF No. 355, is DENIED. The Court declines to certify any issue for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## BACKGROUND

On May 3, 2011, Oregon State Trooper Jo Gardiner stopped Mr. Cornelius and the driver of a second vehicle for speeding. Mot. to Suppress Op. & Order 2, ECF No. 65 ("Suppression Order"). After a brief visit with the second car, Trooper Gardiner approached Mr. Cornelius's vehicle. *Id.* The conversation was recorded. Suppression Hr'g Tr. 32–33, ECF No. 73. Trooper Gardiner's suspicions were raised when Mr. Cornilius rifled through a duffel bag and could not remember his current address. *Id.* at 68, 73; Suppression Order at 4. In response to questioning, Mr. Cornelius alerted Trooper Gardiner to the fact that he had a criminal history and was on parole.

1 – OPINION AND ORDER

Suppression Order 4. Trooper Gardiner briefly returned to her vehicle and requested backup assistance to handle both cars. *Id.* at 5.

Upon her return to Mr. Cornelius's vehicle, Trooper Gardiner told Mr. Cornelius that he was not free to leave. *Id.* She then attended to the second car. *Id.* Mr. Cornelius waited in his vehicle for several minutes before non-emergency personnel and Oregon State Trooper Kristopher Brandon arrived at the scene. *Id.* With backup in tow, Trooper Gardiner asked Mr. Cornelius to step out of his vehicle and follow her to a patrol car. *Id.* at 6. Mr. Cornelius consented to a search of his vehicle. *Id.* Trooper Brandon then conducted a search of his car. *Id.* The inspection revealed two handguns in the trunk and a stun gun in a duffel bag located on the passenger seat. *Id.* Mr. Cornelius was then placed under arrest. *Id.*

A subsequent investigation of his phone revealed pictures of Mr. Cornelius in possession of firearms. List of Witnesses & Exs., ECF No. 233. The Government also intercepted phone calls Mr. Cornelius made while in pretrial detention in which he admitted to consenting to the vehicle search. *Id.* The call recordings led officers to discover the identity of Shawn Cambalik, a frequent criminal collaborator of Mr. Cornelius. *Id.* Mr. Cornelius was ultimately indicted for 18 counts of Felon in Possession of a Firearm. Superseding Indictment, ECF No. 14.

On June 30, 2011, Attorney Bryan Lessley was appointed as counsel for Mr. Cornelius. Order, ECF No. 5. Before trial, Attorney Lessley moved to suppress all evidence stemming from the search of Mr. Cornelius's vehicle. Def.'s Mot. 1–2, ECF No. 31. Mr. Cornelius argued the stop was an unreasonable seizure under the Fourth Amendment, grounded in an undue delay theory. *Id.* After several months, Attorney Lessley withdrew as Mr. Cornelius's counsel. Order, ECF No. 48.

On October 22, 2012, Attorney Kelly Beckley was appointed as replacement counsel. *Id.* At the suppression hearing, Attorney Beckley further argued the undue delay theory. Mot. to

2 – OPINION AND ORDER

Suppress Hearing Tr. 1–2, ECF No. 60. The Court denied Mr. Cornelius's suppression motion based on the totality of the circumstances of the traffic stop. Suppression Order 13, ECF No. 65. The Court found that Trooper Gardiner had probable cause to stop Mr. Cornelius and search his car, that she did not prolong the stop, and that Mr. Cornelius consented to the search. *Id.* The Court denied Mr. Cornelius's related Motion for Reconsideration. Order Mot. for Recons., ECF No. 71.

On November 21, 2013, Attorney Beckley moved to withdraw as Mr. Cornelius's counsel. Def.'s Mot. 1–2, ECF No. 79.[1] Attorneys Marc Spence and John Kolego, who are not targets of any claims here, represented Mr. Cornelius until the Court appointed Attorney Per Olson on January 23, 2015. Order, ECF No. 165.

Attorney Olson represented Mr. Cornelius during his criminal trial. Numerous witnesses testified, including Cambalik, Mr. Cornelius's former friend and partner in crime. Trial Tr., ECF No. 261. Cambalik testified that he burglarized multiple homes with Mr. Cornelius and witnessed Mr. Cornelius possessing firearms despite being a convicted felon. *Id.* He also admitted to previously providing false statements to the police about his history with Mr. Cornelius. *Id* at 912. Cambalik credited a newfound desire to tell the truth—and a deal with the Government—as inspiration for his changed testimony. *Id.*

After eight days of trial, a jury found Mr. Cornelius guilty of eight counts of Felon in Possession of a Firearm. Jury Verdict, ECF No. 226.

## STANDARDS

A prisoner serving a federal sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). An evidentiary hearing is required,

---

[1] Mr. Cornelius filed an ethics complaint with the Oregon State Bar, alleging that Attorney Beckley failed to provide competent representation. Aff. 2, ECF No. 79. Consequently, Attorney Beckley was precluded from further representing Mr. Cornelius. *Id.*

3 – OPINION AND ORDER

"unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* § 2255(b). When there has been a "denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.*

## DISCUSSION

Mr. Cornelius asks for his sentence to be reduced or vacated based on allegations of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, a defendant must show that their lawyer's performance was unreasonably deficient in a manner that prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A defendant must show that their counsel's representation fell below an objective standard of reasonableness. *Id.* at 687–88. There is a weighty presumption that a counsel's conduct lands within the "wide range of reasonable professional assistance." *Id.* at 689. A defendant must also establish prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Both elements—deficient performance and prejudice—must be established to succeed on an ineffective assistance of counsel claim.

Mr. Cornelius asserts that his former counsel fell below constitutionally permissible standards in four ways. Def.'s First Am. Mot. to Vacate or Correct Sentence 15, ECF No. 355 ("FAM"). First, Attorneys Lessley and Beckley did not challenge the voluntariness of Mr. Cornelius's consent to his vehicle being searched during the traffic stop. *Id.* at 16. Second, Attorney Beckley did not call Mr. Cornelius to testify at his suppression hearing. *Id.* at 17. Third, Attorney Beckley did not introduce sufficient evidence to impeach Trooper Gardiner's testimony at the suppression hearing. *Id.* at 18. Finally, Attorney Olson did not adequately impeach

4 – OPINION AND ORDER

Cambalik, a key witness, at trial. *Id.* at 19–20. Mr. Cornelius argues that had these alleged errors been avoided, he would not have been convicted of any crimes. *Id.* at 15. Because Mr. Cornelius has not shown incompetence of counsel *and* prejudice, his request for this Court to vacate or set aside his convictions is DENIED.[2]

I.    **Challenging the Voluntariness of Consent to Search Mr. Cornelius's Car**

Mr. Cornelius first argues that his attorneys rendered constitutionally ineffective assistance by failing to challenge the voluntariness of his consent to the troopers' search of his vehicle. FAM 16. He contends that, had counsel raised such a challenge, the prosecution could not have met its burden of proving that his consent was voluntary. Id. at 17. According to Mr. Cornelius, the resulting suppression of the evidence obtained from the search would have required dismissal of the charges against him. Id. This argument is unpersuasive.

The benefit of hindsight cannot be Mr. Cornelius's saving grace. Under *Strickland*, a Court evaluates the adequacy of counsel's decisions at the time they were made. 466 U.S. at 690. "There is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect." *Harrington v. Richter*, 562 U.S. 86, 109 (2011) (citation and internal quotation marks omitted); *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996) (holding that counsel may be constitutionally adequate when deciding not to pursue a weaker defense).

Mr. Cornelius's suppression hearing counsel advanced a primary defense based on a theory of undue delay. Mot. to Suppress 1–2 (arguing that the duration of the stop constituted an unreasonable seizure under the Fourth Amendment). Based on the evidence before the Court, it

---

[2] Mr. Cornelius requests an evidentiary hearing—he is not entitled to one. No hearing is required "where the files and records conclusively show that the movant is not entitled to relief. *United States v. Mejia Mesa*, 153 F.3d 925, 929 (9th Cir. 1998). The facts of this case have been litigated, and his claims are refuted by the record. *See* 28 U.S.C. § 2255(b). Because Mr. Cornelius has not met the burden to establish ineffective assistance of counsel in any of his four claims, his request for an evidentiary hearing is DENIED.

was sensible for counsel not to prioritize a challenge to the voluntariness of Mr. Cornelius's consent to the search. The Court "viewed a recording of the traffic stop and heard testimony from five witnesses[,]" and found that Mr. Cornelius consented to the search. Suppression Order 2, 6. The Government also emphasized how, in two separately recorded phone calls while in pre-trial detention, Mr. Cornelius admitted to giving consent for the search. See ECF No. 37 at 18 n.2.

While the Court and Ninth Circuit ultimately found the undue delay defense unsuccessful, the pursuit of it in lieu of challenging consent was reasonable. *Strickland*, 466 U.S. at 689.

## II.    Decision Not to Have Mr. Cornelius Testify at the Suppression Hearing

Mr. Cornelius also asserts he "wanted to testify" at the suppression hearing but his "attorneys did not allow him to do so[.]" FAM 16–17. He contends that his testimony would have convinced the Court to exclude all harmful evidence against him. *Id.* at 18. This error, he alleges, constitutes ineffective assistance of counsel. *Id.*

Mr. Cornelius believes he could have proffered innocent explanations of his actions that led to Trooper Gardiner's suspicions during the traffic stop. *Id*. 18–19; Def.'s Decl., ECF No. 366. He suggests his testimony would have persuaded the Court to draw conclusions more favorable to him. *Id.* But even if Mr. Cornelius had testified at the hearing, he does not show how the result would have differed in light of the sum of the evidence.

A court analyzes "the totality of the evidence before the judge or jury" when making a prejudice determination. *Strickland*, 466 U.S. at 694. A defendant must do more than show that any error by counsel "had some conceivable effect on the outcome of the proceeding." *Id.* at 693.

The overall circumstances of the stop outweigh the testimony Mr. Cornelius envisions. In fact, his counsel raised these explanations during the suppression hearing on Mr. Cornelius's behalf. Suppression Hr'g Tr. 76, 85. Importantly, Mr. Cornelius's current motion neglects to

6 – OPINION AND ORDER

address the Court's explicit acknowledgment that his "innocent explanations for each of [Trooper Gardiner's] suspicions" did not render her suspicion of criminal activity unreasonable. Suppression Order 10–11 (quotations omitted). He also omits any reasoning as to how his testimony would discredit the countervailing evidence of his consent to the search of the car.

Because it is not reasonably probable that his testimony at the suppression hearing would have generated a different result, Mr. Cornelius's second claim is not grounds to vacate or set aside his conviction.

### III.    <u>Trooper Gardiner Impeachment Strategy</u>

Mr. Cornelius argues here that Attorney Beckley's failure to introduce evidence aimed at impeaching Trooper Gardiner during the suppression hearing constituted ineffective assistance of counsel. FAM 18. For example, he highlights how Attorney Beckley "failed to impeach her testimony that she did not know why Mr. Cornelius had reached into his duffel bag and that she found this suspicious." *Id.*[3] The inconsistencies, according to Mr. Cornelius, would "question the veracity" of her testimony and the reasonableness of her suspicion during the stop. *Id.* He once more surmises that this alternative chain of events results in the Court suppressing all damning evidence against him, and the prosecution dropping the charges. *Id.* at 19. *Strickland's* second prong—prejudice—again dooms his claim.

As previously noted, a petitioner must establish that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *United*

---

[3] Mr. Cornelius offers supplemental targets for impeaching Trooper Gardiner, including: her testimony that Mr. Cornelius "lied about having no stipulations as part of his parole or probation[;]" her testimony about it being "highly unusual" for someone on parole not to have any stipulations; her testimony about how she asked Mr. Cornelius to her patrol car; alleged discrepancies between her testimony and audio footage of the traffic stop; and misconduct complaints lodged against. FAM 18–19.

*States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995) (quoting *Strickland*, 466 U.S. at 694).

The record plainly reflects that the totality of the circumstances informed the Court's decision to deny Mr. Cornelius's Motion to Suppress. "[D]efendant did not dispute that he was speeding, provided an inaccurate address, did not possess the car rental agreement, was on parole for felony convictions, and stated he had traveled out of the state. These particularized and articulable facts alone would have justified further investigation of defendant, regardless of Trooper Gardiner's alleged lack of veracity regarding other statements." Mot. to Suppress Evidence (Mot. to Re-Open) Op. & Order 4, ECF No. 194. After "counsel's rather hostile-cross examination of Trooper Gardiner" during the hearing, the Court still found that the "uncontested evidence supported a reasonable suspicion of criminal activity" justifying Trooper Gardiner's questioning of Mr. Cornelius. *Id.* at 6–8.

Nothing in Mr. Cornelius's § 2255 motion convinces the Court that the outcome of his suppression hearing would have changed if Attorney Beckley introduced impeachment evidence consistent with Mr. Cornelius's wishes. Because Mr. Cornelius fails to meet his burden under *Strickland*, his third ineffective assistance of counsel claim fails.

## IV.    Cambalik Trial Testimony

Lastly, Mr. Cornelius alleges that Attorney Olson provided ineffective counsel by not introducing certain impeachment evidence against Cambalik at trial. FAM 19. According to Mr. Cornelius, Cambalik gave testimony that was inconsistent with past statements he made to law enforcement in 2011. *Id.* at 19–20. The inconsistent statements concerned Cambalik's criminal history and knowledge of Mr. Cornelius possessing firearms. Reply to Resp. to FAM 3, ECF No. 418. Although Attorney Olson "impeached Cambalik on several matters," Mr. Cornelius predicts

8 – OPINION AND ORDER

he would have been found not guilty had Attorney Olson attempted an impeachment strategy specifically aimed at these inconsistent statements. FAM 20. Mr. Cornelius does not demonstrate the necessary prejudice to prevail here.

The jury considered ample evidence of Mr. Cornelius's guilt separate of Cambalik's testimony. Trial Tr. 15–49, ECF No. 264 (summarizing testimonies from various other witnesses, photographic evidence, text messages, phone call recordings, etc.). Mr. Cornelius makes no effort to convince this Court that, even if his counsel attempted to impeach Cambalik based on his inconsistent statements, it is reasonably probable that a jury would have entirely discounted Cambalik's testimony, let alone be unmoved by the remaining evidence against him. Mr. Cornelius does not meet his burden of demonstrating ineffective assistance of counsel for his final claim.

## CONCLUSION

Mr. Cornelius's Motion to vacate or set aside his sentence under 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED.

DATED this 9th day of July 2026.

_/s/ Michael J. McShane_
MICHAEL J. MCSHANE
U.S. District Judge

9 – OPINION AND ORDER